UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KEVIN MOORE, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>AMERICAN HONDA MOTOR CO., INC., et al.,<br><br>    Defendants. | Case No. 23-cv-05011-BLF<br><br>**ORDER APPOINTING INTERIM CLASS COUNSEL**<br><br>[Re: ECF No. 24] |

Before the Court is Plaintiff's motion to appoint Capstone Law APC ("Capstone") and Berger Montague PC ("Berger") as interim class counsel in this dispute concerning a defect affecting certain Honda vehicles. *See* ECF No. 24 ("Mot."). Defendants have filed a statement that they do not oppose the relief requested in the motion. *See* ECF No. 25. For the following reasons, the Court GRANTS this unopposed motion.

"Pursuant to Rule 23(g)(3), the court may designate interim counsel to act on behalf of a putative class before determining whether to certify a class." *In re Seagate Tech. LLC Litig.*, No. 16-CV-00523-RMW, 2016 WL 3401989, at *2 (N.D. Cal. June 21, 2016). "Although Rule 23(g)(3) does not provide a standard for appointment of interim counsel, courts typically look to the factors used in determining the adequacy of class counsel under Rule 23(g)(1)(A)." *Id.* These factors are:

> (1) the work counsel has done in identifying or investigating potential claims in the action;
> (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
> (3) counsel's knowledge of the applicable law; and
> (4) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A). The court may also consider "any other matter pertinent to counsel's

ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). The appointment of interim class counsel is discretionary and particularly suited to complex actions. *In re Seagate Tech. LLC Litig.*, 2016 WL 3401989, at *2.

Here, the proposed interim class counsel have sufficiently demonstrated that they have dedicated substantial resources to pursuing this case. In particular, proposed interim class counsel have devoted considerable time and resources over the past three years to investigating and litigating *Browning v. Am. Honda Motor Co., Inc.*, No. 20-cv-05417-BLF (N.D. Cal. 2020), which brought claims nearly identical to those in this case and which the Court consolidated into this case. *See* ECF No. 19 (order consolidating cases). Proposed interim class counsel have also sufficiently demonstrated that they have experience litigating complex class actions and are knowledgeable about the applicable law given their extensive experience as plaintiff-side class counsel in similar automobile defect cases. *See* ECF No. 24-2 (Capstone Resume); ECF No. 24-4 (Berger Resume). Finally, proposed interim class counsel have satisfied the Court that they will commit sufficient intellectual and financial resources to represent the class. Mot. at 13. Accordingly, the Court GRANTS Plaintiff's motion and APPOINTS Capstone Law APC and Berger Montague PC as interim class counsel.

**IT IS SO ORDERED.**

Dated: February 7, 2024

_____
BETH LABSON FREEMAN
United States District Judge